| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| District of Utah |
| Case number (*if known*): _____ Chapter 15 |

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**

US Oil Sands (Utah) Inc.

**2. Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)  9  8 –0  4  6  3  2  8  5

☐ Other _____ . Describe identifier _____

**For individual debtors:**

☐ Social Security number:   xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN):  9 xx – xx – ___ ___ ___ ___

☐ Other _____ . Describe identifier _____

**3. Name of foreign representative(s)**

FTI Consulting Canada Inc.

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

ACMO S.A.R.L. v. US Oil Sands Inc. and US Oil Sands (Utah) Inc.,
Court of Queen's Bench Alberta, Court File No. 1701-12253

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Receivership Order, ACMO S.A.R.L. v. US Oil Sands Inc. and US Oil Sands
(Utah) Inc., Court of Queen's Bench of Alberta, Court File No. 1701-12253

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Debtor  <u>US Oil Sands (Utah) Inc.</u>                    Case number (if known)_____
     Name

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

<u>Canada</u>

**Debtor's registered office:**

<u>101 S. 200 E., Suite 700</u>
Number    Street

_____
P.O. Box

<u>Salt Lake City</u>    <u>UT</u>  <u>84111</u>
City    State/Province/Region  ZIP/Postal Code

<u>U.S.A.</u>
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City    State/Province/Region  ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

<u>440 2nd Avenue SW, Suite 720</u>
Number    Street

_____
P.O. Box

<u>Calgary, Albert</u>  <u>T2P 5E9</u>
City    State/Province/Region  ZIP/Postal Code

<u>Canada</u>
Country

---

**10. Debtor's website (URL)**

<u>www.usoilsandsinc.com</u>

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

---

Debtor   US Oil Sands (Utah) Inc.                                      Case number (if known)_____
         Name

| | |
|---|---|
| **12.** Why is venue proper in *this district?* | Check one: |
| | ☑ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: |
| | _____. |
| | ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| | _____. |

| | |
|---|---|
| **13.** Signature of foreign representative(s) | I request relief in accordance with chapter 15 of title 11, United States Code. |
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct, |

✗ _____            D HELKAA
   Signature of foreign representative          Printed name

   Executed on   11/7/2017
                 MM / DD / YYYY

✗ _____            _____
   Signature of foreign representative          Printed name

   Executed on   _____
                 MM / DD / YYYY

**14.** Signature of attorney

✗ _____  Date  11/7/2017
   Signature of Attorney for foreign representative       MM / DD / YYYY

   Bruce H. White
   Printed name
   Parsons Behle & Latimer
   Firm name
   201 S. Main Street, Suite 1800
   Number      Street
   Salt Lake City                          Utah          84111
   City                                    State         ZIP Code

   (801) 536-6801                          bwhite@parsonsbehle.com
   Contact phone                           Email address

   14913                                   UT
   Bar number                              State

## SUPPLEMENT TO CHAPTER 15 PETITION
(US Oil Sands (Utah) Inc.)

**Item 6:  Evidence of the foreign proceeding –**

Copy of Receivership Order is attached as <u>Exhibit A</u>.

**Item 8:  Others entitled to notice –**

(i)     List containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor:

        FTI Consulting Canada Inc., as Receiver
        Attn:  Deryck Helkaa
        440 2nd Avenue SW, Suite 720
        Calgary, AB T2P 5E9
        E-Mail:  Deryck.Helkaa@fticonsulting.com

(ii)    List containing the names and addresses of all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition:

        The Receiver is aware of the following litigation that has been commenced and is pending in the United States in which the Chapter 15 Debtor is a party at the time of the filing of the Chapter 15 Debtor's case:

        *Stubbs & Stubbs Oilfield Construction Inc. v. US Oil Sands (Utah), Inc., and US Oil Sands, Inc., and Does 1 through 20* in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 170800026.

        Stubbs & Stubbs Oilfield Construction Inc.
        c/o Kirton McConkie
        2600 West Executive Parkway, Suite #400
        Lehi, Utah 84043

(iii)   List containing the names and addresses of all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code:

        None.

**Item 11:  Corporate Ownership Statement Pursuant to Bankruptcy Rule 7007.1 –**

The following entities directly or indirectly own 10% or more of any class of the Chapter 15 Debtor's equity interests:

- US Oil Sands Inc. owns 100% of the Chapter 15 Debtor's issued equity interests.

**Exhibit A**

**Copy of Receivership Order**

[See attached.]



Form 10
[Rule 3.25]

| | |
|---|---|
| **COURT FILE NUMBER** | 1701 – 12253 |
| **COURT** | COURT OF QUEEN'S BENCH OF ALBERTA |
| **JUDICIAL CENTRE** | CALGARY |
| **PLAINTIFF** | ACMO S.À R.L. |
| **DEFENDANTS** | US OIL SANDS INC. and US OIL SANDS (UTAH) INC. |
| **DOCUMENT** | **RECEIVERSHIP ORDER** |

**ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT**

Norton Rose Fulbright Canada LLP
400 3rd Avenue SW, Suite 3700
Calgary, Alberta T2P 4H2  CANADA

Howard A. Gorman, Q.C. / Gunnar Benediktsson
howard.gorman@nortonrosefulbright.com /
gunnar.benediktsson@nortonrosefulbright.com
Tel: +1 403.267.8222
Fax: +1 403.264.5973

Lawyers for ACMO S.À R.L.
File no.: 01136205-0002

*I hereby certify this to be a true copy of the original Order. Dated this 14 day of Sept 2017. for Clerk of the Court*

**DATE ON WHICH ORDER WAS PRONOUNCED:**      September 14th, 2017

**NAME OF JUDGE WHO MADE THIS ORDER:**      The Honourable Mr. Justice J.T. Eamon

**LOCATION OF HEARING:**      Calgary, Alberta

UPON the application of ACMO S.À R.L.(**ACMO**) in respect of US Oil Sands Inc. and US Oil Sands (Utah) Inc. (the **Debtors**); AND UPON having read the Application, the Affidavit of Stephen Lehner, sworn and to be filed by the applicants as soon as is practicable; AND UPON reading the consent of FTI Consulting Canada Inc. (**FTI**, or the **Receiver**) to act as interim receiver and receiver and manager of the Debtors, filed; AND UPON hearing counsel for. ACMO, counsel for the Receiver, and counsel for the Debtors; IT IS HEREBY ORDERED AND DECLARED THAT:

**SERVICE**      ✓AND upon it appearing neither Debtor has a Board of Directors;

1.      The time for service of the notice of application for this order is hereby abridged and service thereof is deemed good and sufficient on all parties entitled to service or notice thereof. Without restricting the generality of the foregoing, the requirements of s. 244(1) and (2) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 (**BIA**) and any requirement therein of notice to any party

- 2 -

of this application, demand for repayment by ACMO or the intention of ACMO to enforce upon its security, is hereby ~~waived~~ abridged, and ACMO is at liberty to take immediate steps to enforce upon its security, including, without limitation, commencing the within action and making the within application.

**APPOINTMENT**

2.    Pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 (*BIA*), and sections 13(2) of the *Judicature Act*, R.S.A. 2000, c.J-2, FTI is hereby appointed Receiver, without security, of all of the Debtors' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, including all proceeds thereof (the Property).

**RECEIVER'S POWERS**

3.    The Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

(a)    to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

(b)    to receive, preserve and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

(c)    to manage, operate and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d)    to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)    to purchase or lease machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

- 3 -

(f)     to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g)     to settle, extend or compromise any indebtedness owing to or by the Debtors;

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)     to undertake environmental or workers' health and safety assessments of the Property and operations of the Debtors;

(j)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings.  The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding, and provided further that nothing in this Order shall authorize the Receiver to defend or settle the action in which this Order is made unless otherwise directed by this Court.

(k)     to market any or all the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate.

(l)     to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business,

    (i)     without the approval of this Court in respect of any transaction not exceeding $100,000, provided that the aggregate consideration for all such transactions does not exceed $500,000; and

    (ii)     with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause,

    and in each such case notice under subsection 60(8) of the *Personal Property Security Act*, R.S.A. 2000, c. P-7 shall not be required.

(m)     to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

- 4 -

(n)     to report to, meet with and discuss with such affected Persons (as defined below) as the
Receiver deems appropriate all matters relating to the Property and the receivership, and
to share information, subject to such terms as to confidentiality as the Receiver deems
advisable;

(o)     to register a copy of this Order and any other Orders in respect of the Property against
title to any of the Property;

(p)     to apply for any permits, licences, approvals or permissions as may be required by any
governmental authority and any renewals thereof for and on behalf of and, if thought
desirable by the Receiver, in the name of the Debtors;

(q)     to enter into agreements with any trustee in bankruptcy appointed in respect of the
Debtors, including, without limiting the generality of the foregoing, the ability to enter into
occupation agreements for any property owned or leased by the Debtors;

(r)     to exercise any shareholder, partnership, joint venture or other rights which the Debtors
may have; and

(s)     to take any steps reasonably incidental to the exercise of these powers or the
performance of any statutory obligations;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively
authorized and empowered to do so, to the exclusion of all other Persons (as defined below),
including the Debtors, and without interference from any other Person.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

4.      (i) The Debtors, (ii) all of its current and former directors, officers, employees, agents,
accountants, legal counsel and shareholders, and all other persons acting on its instructions or
behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or
other entities having notice of this Order (all of the foregoing, collectively, being **Persons** and
each being a **Person**) shall forthwith advise the Receiver of the existence of any Property in such
Person's possession or control, shall grant immediate and continued access to the Property to
the Receiver, and shall deliver all such Property (excluding Property subject to liens the validity of
which is dependent on maintaining possession) to the Receiver upon the Receiver's request.

5.      All Persons shall forthwith advise the Receiver of the existence of any books, documents,
securities, contracts, orders, corporate and accounting records, and any other papers, records
and information of any kind related to the business or affairs of the Debtors, and any computer
programs, computer tapes, computer disks, or other data storage media containing any such

Information (the foregoing, collectively, the **Records**) in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or documents prepared in contemplation of litigation or due to statutory provisions prohibiting such disclosure.

6. If any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

**NO PROCEEDINGS AGAINST THE RECEIVER**

7. No proceeding or enforcement process in any court or tribunal (each, a **Proceeding**), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

**NO PROCEEDINGS AGAINST THE DEBTOR OR THE PROPERTY**

8. No Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court, provided, however, that nothing in this Order shall: (i) prevent any Person from commencing a proceeding regarding a claim that might otherwise become barred by statute or an existing agreement if such proceeding is not commenced before the expiration of the stay provided by this paragraph 8; and (ii) affect a

- 6 -

Regulatory Body's investigation in respect of the debtor or an action, suit or proceeding that is taken in respect of the debtor by or before the Regulatory Body, other than the enforcement of a payment order by the Regulatory Body or the Court. **"Regulatory Body"** means a person or body that has powers, duties or functions relating to the enforcement or administration of an Act of Parliament or of the legislature of a province.

**NO EXERCISE OF RIGHTS OF REMEDIES**

9.    All rights and remedies (including, without limitation, set-off rights) against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" (as defined in the *BIA*), and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH THE RECEIVER**

10.    No Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court. Nothing in this Order shall prohibit any party to an eligible financial contract from closing out and terminating such contract in accordance with its terms.

**CONTINUATION OF SERVICES**

11.    All Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and this Court directs that the Receiver shall be entitled to the continued use of the Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtor or such other practices

- 7 -

as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

12.   All funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the **Post Receivership Accounts**) and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further order of this Court.

**EMPLOYEES**

13.   Subject to employees' rights to terminate their employment, all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees.   The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the *BIA*, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the *BIA* or under the *Wage Earner Protection Program Act*, S.C. 2005, c.47 (**WEPPA**).

14.   Pursuant to clause 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, S.C. 2000, c. 5, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a **Sale**).   Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information.   The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

- 8 -

## LIMITATION ON ENVIRONMENTAL LIABILITIES

15.    (a)    Notwithstanding anything in any federal or provincial law, the Receiver is not personally liable in that position for any environmental condition that arose or environmental damage that occurred:

(i)    before the Receiver's appointment; or

(ii)    after the Receiver's appointment unless it is established that the condition arose or the damage occurred as a result of the Receiver's gross negligence or wilful misconduct.

(b)    Nothing in sub-paragraph (a) exempts a Receiver from any duty to report or make disclosure imposed by a law referred to in that sub-paragraph.

(c)    Notwithstanding anything in any federal or provincial law, but subject to sub-paragraph (a) hereof, where an order is made which has the effect of requiring the Receiver to remedy any environmental condition or environmental damage affecting the Property, the Receiver is not personally liable for failure to comply with the order, and is not personally liable for any costs that are or would be incurred by any person in carrying out the terms of the order,

(i)    if, within such time as is specified in the order, within 10 days after the order is made if no time is so specified, within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, or during the period of the stay referred to in clause (ii) below, the Receiver:

A.    complies with the order, or

B.    on notice to the person who issued the order, abandons, disposes of or otherwise releases any interest in any real property affected by the condition or damage;

(ii)    during the period of a stay of the order granted, on application made within the time specified in the order referred to in clause (i) above, within 10 days after the order is made or within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, by,

A.    the court or body having jurisdiction under the law pursuant to which the order was made to enable the Receiver to contest the order; or

B.    the court having jurisdiction in bankruptcy for the purposes of assessing the economic viability of complying with the order; or

- 9 -

(iii)     If the Receiver had, before the order was made, abandoned or renounced or been divested of any interest in any real property affected by the condition or damage.

**LIMITATION ON THE RECEIVER'S LIABILITY**

16.     Except for gross negligence or wilful misconduct, as a result of its appointment or carrying out the provisions of this Order the Receiver shall incur no liability or obligation that exceeds an amount for which it may obtain full indemnity from the Property.  Nothing in this Order shall derogate from any limitation on liability or other protection afforded to the Receiver under any applicable law, including, without limitation, Section 14.06, 81.4(5) or 81.6(3) of the BIA.

**RECEIVER'S ACCOUNTS**

17.     The Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case, incurred at their standard rates and charges.  The Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the **Receiver's Charge**) on the Property, as security for such fees and disbursements, incurred both before and after the making of this Order in respect of these proceedings, and the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person but subject to section 14.06(7), 81.4(4) and 81.6(2) and 88 of the BIA.

18.     The Receiver and its legal counsel shall pass their accounts from time to time.

19.     Prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including the legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

20.     The Receiver be at liberty and is hereby empowered to borrow by way of revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $1,000,000 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures.  The whole of the Property shall be and is hereby charged by way of a fixed and

specific charge (the **Receiver's Borrowings Charge**) as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge and the charges set out in sections 14.06(7), 81.4(4) and 81.6(2) and 88 of the BIA.

21.    Neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

22.    The Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "A" hereto (the **Receiver's Certificates**) for any amount borrowed by it pursuant to this Order.

23.    The monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

**ALLOCATION**

24.    Any interested party may apply to this Court on notice to any other party likely to be affected, for an order allocating the Receiver's Charge and Receiver's Borrowings Charge amongst the various assets comprising the Property.

**GENERAL**

25.    The Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

26.    Notwithstanding Rule 6.11 of the *Alberta Rules of Court*, unless otherwise ordered by this Court, the Receiver will report to the Court from time to time, which reporting is not required to be in affidavit form and shall be considered by this Court as evidence.

27.    Nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtor.

28.    This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such

orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

29.   The Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

30.   ACMO shall have its costs of this motion, up to and including entry and service of this Order, provided for by the terms of the loan agreements and security, or, if not so provided by the same then on a substantial indemnity basis to be paid by the Receiver from the Debtor's estate with such priority and at such time as this Court may determine.

31.   Any interested party may apply to this Court to vary or amend this Order on not less than 7 days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

**FILING**

32.   The Receiver shall establish and maintain a website in respect of these proceedings at http://cfcanada.fticonsulting.com/usoilsands and shall post there as soon as practicable:

(a)   all materials prescribed by statute or regulation to be made publically available; and

(b)   all applications, reports, affidavits, orders and other materials filed in these proceedings by or on behalf of the Receiver, or served upon it, except such materials as are confidential and the subject of a sealing order or pending application for a sealing order.



Justice of the Court of Queen's Bench of Alberta

**SCHEDULE "A"**

**RECEIVER CERTIFICATE**

CERTIFICATE NO.     _____

AMOUNT     $_____

1.    THIS IS TO CERTIFY that FTI Consulting Canada Inc., the interim receiver and receiver and manager (the **Receiver**) of all of the assets, undertakings and properties of US Oil Sands Inc. and US Oil Sands (Utah) Inc., appointed by Order of the Court of Queen's Bench of Alberta and Court of Queen's Bench of Alberta in Bankruptcy and Insolvency (collectively, the **Court**) dated the _____ day of _____, _____ (the **Order**) made in action number _____, has received as such Receiver from the holder of this certificate (the **Lender**) the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.    The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily] [monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3.    Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property, in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.    All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at ●.

5.    Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.    The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7.    The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 20__.

FTI Consulting Canada Inc., solely in its capacity as Receiver of the Property (as defined in the Order), and not in its personal capacity

Per: _____

Name:  Deryck Helkaa

Title:  Senior Managing Director, Corporate Finance